UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JOE A. BUSTOS § | C.A. NO.: _____ | |
| § | | |
| § | ***JURY TRIAL REQUESTED*** | |
| Plaintiff,   § | | |
| § | | |
| vs   § | JUDGE: _____ | |
| § | | |
| UNITED PARCEL SERVICE, INC.   § | | |
| (UPS)   § | MAGISTRATE JUDGE: | |
| § | _____ | |
| Defendant.   § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, JOE A. BUSTOS (hereinafter, "BUSTOS"), and files this, his Original Complaint against UNITED PARCEL SERVICE[1] (hereinafter, the "Defendant" or "UPS") and in furtherance thereof, would respectfully show unto this Court as follows:

### I.

### **PARTIES**

1.01   Plaintiff, JOE A. BUSTOS, is an adult resident citizen of Pearland, Texas.

1.02   Defendant, UNITED PARCEL SERVICE ("UPS") is a Georgia Corporation doing business in Texas and may be served by United Parcel Service, Inc. agent for service of process Corporation Service Company doing business in California as CSC Lawyers Incorporating

---

[1] Plaintiff worked as a UPS Delivery driver for twenty-two (22) years.

Service. The agent for service of process is located at 2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833.

## II.

## JURISDICTION AND VENUE

2.01 The Court has venue over this matter because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district and the unlawful employment practices alleged in this case occurred in this district. 28 U.S.C. § 1391(b).

2.03 All conditions precedent to jurisdiction have occurred or have been met.

2.04 BUSTOS, having exhausted all administrative remedies, files this lawsuit against the Defendant on the basis of Race, Color and Retaliation and Harassment under 42 USC §1981, et. seq.

## III.

## FACTS

3.01 At all pertinent times BUSTOS was a White (Hispanic) Male.

3.02 BUSTOS was employed by UPS from _____, 1997 to September 24, 2018 and his reviews showed he was an "above average employee without disciplinary concerns".

3.03 Prior to BUSTOS' termination, in September of 2018, BUSTOS had never had any complaints against him.

3.04 At the time, and upon information and belief, BUSTOS was targeted for termination once a reason could be concocted as a pretext. BUSTOS, however, did nothing at work that would put him in a position to be fired.

3.05   On September 17, 2018, BUSTOS was suspended from his position at UPS due to sexual harassment and unprovoked physical violence complaints against him by a newly hired co-worker, Shantel Roberson, whom he had trained.

3.06   On September 24, 2018, UPS completed their investigation and informed him that he was being terminated, and that another employee had come forward with similar allegations against him. Upon his request that management verify their information pertaining to the second allegation, it was discovered that BUSTOS was being confused with another employee, MIKE RODRIGUEZ.

3.07   BUSTOS fought for a few weeks with UPS management, to no avail. BUSTOS believes that his accuser, Shantel Roberson, was being emboldened by the support of the UPS district labor manager, Cheryl McKernon, because BUSTOS did not fit the mold of the Pasadena Center leadership, which is predominantly African-American.

3.08   On October 22, 2018, BUSTOS met with the UPS labor department, who then, decided to transfer his case to a panel hearing in Clearwater, Florida.

3.09   From November 6th to November 8th, 2018, BUSTOS attended the panel hearing in Clearwater, Florida with the help of his union representatives. Upon completion of panel hearing, BUSTOS was informed that the panel denied his reinstatement.

3.10   BUSTOS recently learned that Shantel Roberson was terminated from UPS, after a few months on the job, due to disrupting the work place, calling the police and making other false allegations against other UPS employees.

3.10   If UPS claims that the termination was for cause or was otherwise a legitimate non-discriminatory reason, the reason given is wholly pretextual and UPS is responsible for

disparate treatment.

## IV.

## CAUSES OF ACTON

4.01  <u>42 USC §1981</u>.  The comments, actions and inactions of Defendant amount to harassment and discrimination as well as violations of Plaintiff's rights under 42 USC §1981.  They also constitute retaliation under 42 USC §1981.

4.02  The discrimination was based upon race and color and affected terms, conditions and/or privileges of employment.

4.03  Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein.

4.04  As a result of the discrimination, BUSTOS suffered severe emotional distress.

4.05  Defendant failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

4.06  Not only did Defendant not take remedial action sufficient to stop this discrimination, but by and through its employees, officers and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination.

4.07  BUSTOS alleges that, in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.  At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves the right to do so.

4.08  BUSTOS brings this action complaining of disparate treatment and disparate impact.

4.09    The actions and inactions of the Defendant impute strict liability.

4.10    BUSTOS further alleges the applicability of the 'cat's paw' doctrine.

4.11    Furthermore, Defendant is liable for the conduct of their employees, officers and superiors due to the doctrine of *respondeat superior*.

4.12    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him and wrongful termination, BUSTOS has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and has suffered and may continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

4.13    BUSTOS alleges that the outrageous conduct of the Defendant described herein was done with fraud, oppression and malice; with a conscious disregard for his rights; and with the intent, design and purpose of injuring him.  Through its officers, managing agents and/or its supervisors, Defendant authorized, condoned and/or ratified this unlawful conduct.  By reason thereof, BUSTOS is entitled to punitive and/or other exemplary damages.

## V.

## ATTORNEYS' FEES, COSTS AND EXPENSES

5.01    As a further direct and proximate result of Defendant's violation of law, as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.  The Plaintiff requests that attorneys' fees, costs and expenses (including but not limited to expert witness

fees) be awarded pursuant to all applicable laws.

## VI.

## JURY TRIAL REQUESTED

6.01   Plaintiff requests a jury in this case as to all portions of the case to which a jury trial is available.

## VII.

## AD DAMNUM

7.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in his favor and against Defendant for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses.  Plaintiff further requests all equitable relief allowed under law, including injunctive relief should that be sought.  Should further actions of the Defendant require additional equitable/injunctive relief, the Plaintiff hereby prays for that relief.

Respectfully submitted,

_____
Adalberto Ruiz
*Pro Hac Vice, Lead Counsel*
TBN: 24071767
FBN: _____
3718 E Broadway St.
Pearland, Texas 77581
Tel: (832) 744-8650
Fax: (832) 408-8540
Alberto@RuizLawyer.com

**Of Counsel**
Jonathan B. Zumwalt
Federal ID: 915263
State Bar No. 24053570
jbz@mandsattorneys.com
3100 Timmons Lane, Suite 455
 Houston, Texas  77027
 (713) 626-8900 Telephone
 (713) 626-8910 Telecopier

**COUNSEL FOR PLAINTIFF**