United States District Court
Southern District of Texas
**ENTERED**
April 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joe A. Bustos, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action H-19-2979 |
| § | |
| United Parcel Service, Inc. (UPS), § | |
|    *Defendant*. § | |

# Memorandum and Recommendation

United Parcel Service, Inc. (UPS) has filed a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.E. 21.) The court recommends that the motion be GRANTED.

## 1. Background

Plaintiff Joe Bustos is a fifty-seven-year old Mexican American man who worked for United Parcel Service, Inc. (UPS) from January 1996 to September 2018. Following his termination, Bustos filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that UPS discriminated against him based on his sex. He later sued UPS. In his original complaint (D.E. 1), he alleged only race discrimination under 42 U.S.C. § 1981. He has twice amended his complaint. In his second amended complaint (D.E. 14), he now alleges "[a]ge, Race, National Origin, Retaliation, Harassment, Desperate [sic] Treatment, Wrongful Termination, Retaliation and Harassment under 42 USC §1981, et. Seq and violations of the American Disabilities Act of 1974." (D.E. 14 ¶¶ 3.01, 4.01.)

UPS moves to dismiss Bustos's age discrimination claim to the extent he is attempting to bring it under section 1981. UPS also moves for dismissal of Bustos's disability discrimination claim under the Americans with Disabilities Act (ADA) because he failed to exhaust that claim before the EEOC.

## 2. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid legal theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## 3. Analysis

### A. Age discrimination under 42 U.S.C. § 1981

Throughout his second amended complaint, Bustos cites 42 U.S.C. § 1981 and alleges generally that UPS discriminated against him based on his age, disability, gender, race, and national origin. UPS argues that age discrimination is outside the scope of section 1981. The court agrees. Relief under section 1981 is only available as a remedy for racial discrimination. *Odubela v. Exxon Mobil Corp.*, 736 F. App'x 437, 442 (5th Cir. 2018) ("Section 1981 claims are available to members of 'identifiable classes of persons who are subject[ed] to intentional discrimination solely because of their ancestry or ethnic characteristics.'") (quoting *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). The court recommends that Bustos's age

discrimination claim brought under 42 U.S.C. § 1981 be dismissed with prejudice.

### B. Claim under the Americans with Disabilities Act

UPS also moves to dismiss Bustos's disability discrimination claim because Bustos did not exhaust his administrative remedies. UPS points out that Bustos's EEOC charge alleges no facts about any disability and does not mention discrimination based on a disability. UPS notes that Bustos did not even check the box indicating he was complaining about disability discrimination.

The ADA incorporates Title VII administrative procedures and requires a plaintiff to exhaust administrative remedies prior to filing a claim in federal court. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). "Failure to exhaust remedies results in dismissal of claims on the merits." *Williamson v. American Nat'l Ins. Co.*, 695 F. Supp. 2d 431, 444 (S.D. Tex. 2010) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

Bustos referenced his EEOC charge several times in the second amended complaint, but he did not attach a copy of the charge to his second amended complaint. UPS attached a copy of Bustos's EEOC charge to its motion to dismiss. (D.E. 21-1.) Bustos argues that 1) despite the deficiencies in form, the EEOC charge provided UPS with sufficient notice of Bustos's claims, thus exhausting administrative remedies, and 2) the court cannot consider the copy of the EEOC charge without converting UPS's motion to dismiss into a motion for summary judgment.

### i. Bustos failed to exhaust administrative remedies.

Bustos argues that despite deficiencies in his EEOC charge, it nevertheless provided UPS with sufficient notice of Bustos's claims. He insists that his administrative remedies have been exhausted as to his disability discrimination claim. The court disagrees.

Bustos states that he filed his discrimination claim with the EEOC over the telephone and that his verbal complaint included a "clearly articulated allegation of racial discrimination against UPS." (D.E. 14 ¶ 3.32.) The written EEOC charge based on this telephone conference shows that Bustos's discrimination claim was based on sex

3

discrimination. (D.E. 21-1 at 2.) In the fact section of the form, Bustos accuses UPS of terminating his employment due to false accusations of sexual harassment made against him. *Id.* Bustos argues that a careful review of the EEOC Form 5 discloses disability discrimination. (D.E. 30 at 11.) It does not. Bustos's EEOC charge does not reference a disability or discrimination based on a disability. Even in his response to the motion to dismiss, Bustos does not say that he disclosed to the EEOC that he had a disability or that the discrimination he suffered was because of his disability.

To exhaust administrative remedies, the employer must have notice of the plaintiff's claims, which usually comes by way of the EEOC charge. *Hinga v. MIC Grp., LLC*, No. CIV.A. H-13-414, 2013 WL 2919543, at *2 (S.D. Tex. June 13, 2013) (dismissing claims not referenced in the plaintiff's EEOC charge). The "crucial element" of an EEOC charge is "the factual statement contained therein." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) (reasoning that "the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged").

Nowhere in his second amended complaint or in his response to the motion to dismiss does Bustos explain what facts he believes gave the EEOC or UPS notice of a potential disability discrimination claim. Therefore, he has not shown that he has exhausted administrative remedies for his disability claim.

Bustos proposes filing yet another amended complaint "with a more definite statement of his age and disability claims." (D.E. 30 at 13.) Because neither his second amended complaint nor his response to the motion to dismiss identify anything to warrant leave to amend, the court finds that further amendment would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (confirming that "an amendment is considered futile if it would fail to state a claim upon which relief could be granted"). Leave to amend is therefore denied.

### ii.   *Consideration of the EEOC charge is proper.*

The court next turns to Bustos's assertion that the court cannot consider the EEOC charge attached to UPS's motion to dismiss without converting it into a motion for summary judgment. Bustos's

4

argument is without merit. "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). This may include "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387. A court's consideration of such documents does not transform a motion to dismiss into a motion for summary judgment. *Funk*, 631 F.3d at 780.

The court may consider the EEOC charge as incorporated into Bustos's second amended complaint because it is referenced several times throughout. (D.E. 14 ¶¶ 3.02, 3.31, 3.32, 3.41, 5.07.) Because the EEOC charge is central to the complaint, UPS is permitted to attach a copy of it to its motion to dismiss for the court's consideration. "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Because the EEOC charge was incorporated by reference into the second amended complaint, the court's consideration of the document is proper and does not transform UPS's motion into a motion for summary judgment. *See Funk*, 631 F.3d at 780.

Moreover, the court may take judicial notice of the EEOC charge. "Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion." *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F. Supp. 3d 783, 797 n.45 (S.D. Tex. 2014). Because the court may take judicial notice of the EEOC charge, the court's consideration of it does not transform UPS's motion to dismiss into a motion for summary judgment. *See Funk*, 631 F.3d at 780. As a result, Bustos's request to treat the motion to dismiss as a motion for summary judgment is denied.

*4. Conclusion*

The court recommends that Defendant's partial motion to dismiss (D.E. 21) be GRANTED and that the claims of age discrimination under 42 U.S.C. § 1981 and disability discrimination be dismissed with prejudice. Leave to amend the complaint is DENIED.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 29, 2020.

_____
Peter Bray
United States Magistrate Judge