United States District Court
Southern District of Texas
**ENTERED**
June 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT               SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Joe A. Bustos, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-19-2979 |
| | § | |
| United Parcel Service, Inc. (UPS); | § | |
| and the Equal Employment | § | |
| Opportunity Commission, | § | |
|     *Defendants*. | § | |

# Memorandum and Recommendation

The United States moves to dismiss Joe Bustos's claims against the Equal Employment Opportunity Commission under Federal Rule of Civil Procedure 12(b)(1). (D.E. 35.) The court recommends that the motion be GRANTED.

## 1. Background

Plaintiff Joe Bustos worked for United Parcel Service, Inc. (UPS) until September 2018. (D.E. 14 ¶ 1.01.) Following his termination, Bustos filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that UPS discriminated against him based on his sex. (D.E. 39-2 at 17.) He later sued UPS for discrimination. (D.E. 1.) Bustos added the EEOC as a named defendant in his second amended complaint. (D.E. 14.) He alleges that the EEOC is liable under the Federal Tort Claims Act (FTCA) because it breached its fiduciary duty "by not properly identifying all discrimination claims which could result in harm and damage to Plaintiff," violated its "statutory obligation and duty to eliminate alleged unlawful employment practice," and "denied Plaintiff his due process rights by denying him the opportunity to submit a rebuttal to Defendant UPS non-discriminatory explanation for actions taken against Plaintiff." (D.E. 14 ¶ 4.13.)

The United States moves to dismiss these claims for lack of subject matter jurisdiction. (D.E. 35.) It argues that Bustos failed to exhaust his administrative remedies and that the EEOC is an improper party defendant under the FTCA.

## 2. Legal Standard

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The party asserting jurisdiction has the burden to prove the court's subject matter jurisdiction. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

To determine a Rule 12(b)(1) motion, the court may rely on the complaint alone, undisputed facts evidenced in the record, and/or the court's resolution of disputed facts. *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). If a Rule 12(b)(1) motion is filed without accompanying evidence, "allegations in the complaint are taken as true." *Diaz v. Castro*, 122 F. Supp. 3d 603, 607 (S.D. Tex. 2014).

## 3. Analysis

The United States argues that Bustos failed to exhaust his administrative remedies as is required under the FTCA. The FTCA is an exception to sovereign immunity wherein the United States Government may be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Before a claimant can seek legal remedies through the FTCA, they must exhaust administrative remedies through "presentment" as required by 28 U.S.C. § 2675(a). *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014). "This requirement is jurisdictional, and may not be waived." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("The subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an administrative

claim and either obtained a written denial or waited six months."). "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Pleasant*, 764 F.3d at 448 (internal citation omitted). The purpose of this requirement is to allow the federal agency the opportunity to investigate the claim and, if appropriate, settle the claim without the need for litigation. *Id.* at 449. This purpose is served when a claimant provides enough facts for the Government to "thoroughly [] investigate its potential liability and to conduct settlement negotiations with the claimant." *Id.* (internal citation omitted).

The EEOC's legal counsel declared under penalty of perjury that there is no record that Bustos filed an administrative tort claim under the FTCA. (D.E. 35-1.) The claimant bears the burden of establishing presentment, which is "strictly construed in favor of the United States." *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016) (internal citation omitted) (reasoning that presentment is a condition of the Government's waiver of sovereign immunity).

Bustos has not provided proof that he filed an administrative tort claim against the EEOC. He has not shown that he gave the Government written notice of his complaints against the EEOC. He has not pointed to a monetary value of his claims that would have allowed the Government to investigate its potential liability and begin settlement negotiations.

Bustos's response to the motion to dismiss includes copies of EEOC documents and correspondence related to his Charge of Discrimination against UPS. (D.E. 39-1, 39-2.) He conflates his pursuit of administrative remedies against UPS with pursuit of administrative remedies against the EEOC. There is no evidence that Bustos filed an administrative claim against the EEOC.

Because Bustos did not exhaust the administrative remedies required under 28 U.S.C. § 2675(a), his claims against the United States should be dismissed. *See Farmer v. La. Elec. and Fin. Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014) (affirming the district court's dismissal of FTCA claims because the plaintiff's failure

to exhaust administrative remedies deprived the federal courts of subject matter jurisdiction).

Because the court lacks subject matter jurisdiction, it will not reach the issue of whether the EEOC is an improper party defendant.

## 4. Conclusion

The court recommends that Defendant EEOC's motion to dismiss (D.E. 35) be GRANTED and that the FTCA claims be dismissed without prejudice. Leave to amend the complaint is DENIED as futile.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June __30__, 2020.

_____
Peter Bray
United States Magistrate Judge

4